## Ash, Appellant, *v.* Verlenden Bros.

[Marked to be reported.]

*Negligence—Presumption from injury.*

The mere fact that an employee is injured while working at a machine raises no presumption of negligence on the part of an employer.

*Employment of young persons—Instructions—Machinery.*

In an action by a boy thirteen years of age to recover damages for personal injuries incurred when working at a machine, it appeared that he was instructed in the use of the machine, and was expressly directed not to clean it while in motion. Plaintiff's own testimony showed that he understood the machine, and the method of managing it. After having worked with the machine for over three weeks, he one day stopped it, and began to clean it. Having finished the left hand side of it, which took about ten minutes, he went to the right hand side of it, where a piece of material was in the cylinder, but not between the rollers, which he attempted to remove. While doing this the machine suddenly started, and injured his hand. There was no evidence of the cause of the sudden start-

ing of the machine, and it did not appear that it was in any way out of repair. There was no evidence that the machine was not such as was ordinarily and usually used in factories, and reasonably safe. *Held,* that plaintiff was not entitled to recover.

The fact that an employee is young and that a possible injury might arise from unexpected cause, without negligence established, should not be made the basis of liability.

Argued March 23, 1893. Appeal, No. 225, Jan. T., 1893, by plaintiff, Matthew Ash, by his next friend, James F. Ash, from judgment of C. P. No. 1, Phila. Co., March T., 1891, No. 943, refusing to take off compulsory nonsuit. · Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court. Plaintiff, in addition, produced evidence to the effect that it was not customary to employ children of plaintiff's age at such machines. Plaintiff's father testified for plaintiff that it was customary, although he attempted to correct himself afterwards.

The court, BIDDLE, J., entered a compulsory nonsuit, which they subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Joseph de F. Junkin,* for appellant.—The question in this case under the facts is not whether the injury was the result of an accident, or actual negligence on part of defendant, but whether this boy, as matter of law, could be said to have assumed the risks of his employment. The evidence showed that it was not customary to employ children as young as this boy at these machines.

The court below erred in withdrawing the case from the jury under the evidence: Whart., Neg. § 216 ; Kehler v. Schwenk, 151 Pa. 505.

*William C. Hannis,* for appellees.—Where youth, inexperience and the absence of instructions are alleged as the ground of liability in the master, the burden is on plaintiff to prove that the promoting cause of injury was his inexperience and want of proper instructions.

The duty to warn and instruct grows naturally out of the ignorance and inexperience of the employee, and does not extend to those who are familiar with the employment or its risks : Rummell v. Dilworth, 131 Pa. 509 ; Kehler v. Schwenk, 151 Pa. 505.

It is the duty of the servant to observe and report to his employer any defect in machinery : Baker v. R. R., 95 Pa. 211 ; R. R. v. Hughes, 119 Pa. 301 ; Augerstein v. Jones, 139 Pa. 183 ; Mensch v. Pa. R. R., 150 Pa. 598 ; Mixter v. Coal Co., 152 Pa. 395.

A servant cannot hold his master responsible for an injury which cannot be traced directly to the master's negligence : Augerstein v. Jones, 139 Pa. 183.

The servant must not only prove negligence against the master, but, before he can establish a liability, he must always show by a fair preponderance of testimony that his injury was caused by the negligence complained of : Ford v. Anderson, 139 Pa. 261.

There can be no inference of negligence from the mere fact of the injury : Easton Borough v. Neff, 102 Pa. 478.

The ground of liability is not danger, but negligence, and the test of negligence is the ordinary usage of the business. The burden is on plaintiff to show that defendants have departed from the ordinary usage : Ford v. Anderson, 139 Pa. 261 ; Kieffer v. Hummelstown, 151 Pa. 304 ; Lehigh Coal Co. v. Hayes, 128 Pa. 307 ; Kehler v. Schwenk, 144 Pa. 348 ; Campbell v. R. R., 139 Pa. 522.

OPINION BY MR. JUSTICE THOMPSON, April 17, 1893 :

The appellant's son, a boy under the age of 14 years, was an employee, in the woolen mills of the appellees.   As such he began to work on a machine called a mule, and continued at work for the period of three weeks.   At the expiration of that time he was employed upon a garnet machine, a species of card machine, with teeth of steel instead of wire usually used in card machines, and used for the purpose of -tearing up hard waste fed to it from a revolving table upon which the material is placed.   He was instructed in the use of the machine and expressly directed not to clean it while in motion. His testimony shows very clearly that he understood the ma-

chine and the method of managing it. Upon July 15, 1891, having been at work with the machine for over three weeks, he stopped it and began to clean it. Having finished the left hand side of it, which took about ten minutes, he went to the right hand side of it, where a piece of material was in the cylinder, but not between the rollers, which he attempted to remove. While doing this the machine suddenly started, caught his finger and injured his hand. The machine used was such as is used in factories, and was not in any way out of repair. There is no evidence of the cause of this sudden starting up. The boy testified that all he knew was that it had started. There was no evidence that the machine was not such as was ordinarily and usually used in factories, and reasonably safe. In fact the only difference between a card and a garnet machine is that, in case of injury, that received from the latter would be greater than from the former, because the former has wooden rollers with wire teeth, and the latter iron rollers with steel teeth. The machine being a safe and proper one in its construction, and there being no proof as to the cause of its starting which caused the accident, there is no evidence on the part of appellant to justify a conclusion of negligence, and the mere fact of the injury will not warrant it: Lehigh Company v. Hayes, 128 Pa. 307.

It is however contended that the appellees are liable, because they placed appellant's son at work where he ran the risk of dangerous accident. The liability of an employer does not spring from danger, but from negligence: Ford v. Anderson, 139 Pa. 263 ; but it may arise where in the employment of a young person he neglects to give sufficient instruction to the child of the service to be performed, or where there is a want of knowledge or experience : Kehler v. Schwenk, 151 Pa. 505. The proofs in this case show that appellant's son was sufficiently instructed in regard to the use of the machine and had full knowledge of its operation, and that the accident was not the result of either his inexperience or his want of knowledge. The fact that he was young and that a possible injury should arise from an unexpected cause, without negligence established, assuredly should not be made the basis of a liability on the part of the appellees.

Judgment affirmed.