HESS v. ESCANABA WOODENWARE CO.

MASTER AND SERVANT — WARNING AND INSTRUCTING SERVANT — HAZARDOUS EMPLOYMENT—MINOR SERVANT.

A boy of 17, unusually intelligent, *held*, under the evidence, not entitled to recover from his employer for an injury received while putting the belt on a slitting machine, on the theory that he should have been instructed how to work with the machine and not to replace certain box coverings while the machine was in motion; he having been at work at the machine three weeks and the danger being apparent.[1]

Error to Delta; Stone, J. Submitted November 16, 1906. (Docket No. 97.) Decided December 3, 1906.

Case by Frank Hess, by next friend, against the Escanaba Woodenware Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*C. D. McEwen* (*John Cummiskey*, of counsel), for appellant.

*F. D. Mead* (*Vilas, Vilas & Freeman*, of counsel), for appellee.

MOORE, J. This action was brought by plaintiff to recover damages for injuries sustained by him while engaged in feeding and operating a slitting machine in defendant's factory. The trial judge directed a verdict in favor of defendant. The case is brought here by writ of error.

The plaintiff was a little past 17 years of age when he commenced work It is claimed he had no experience in working in or about machinery of any kind, excepting three weeks that he had worked for defendant taking

[1] As to master's duty to warn or instruct servant, see note to *James* v. *Rapides Lumber Co* (La.), 44 L. R. A. 33.

squares from the slitting machine and placing them on the drumsaw. It is said that, while plaintiff worked at the tail end of this slitting machine, he had never noticed or assisted in putting on the belts on the slitting machine, during the three weeks of his employment excepting twice, and then only to push over a lever to start the machine. We quote from the brief of appellant's counsel:

"Plaintiff's case is predicated upon the theory that it was the duty of the defendant to have instructed the plaintiff how to do the work safely on account of his youth and inexperience, and especially to have instructed him not to replace the box coverings while the machine was in motion.

"The belts on this machine would come off at frequent intervals, and this would necessitate their being replaced, and the replacing of the box coverings. If the box coverings had been replaced when the machine was not in motion, there would have been no danger to plaintiff, but, on the contrary, plaintiff was recklessly instructed by defendant to replace the boxes while the machine was in motion.

"On the day of the injury the belts had come off the machine four times. Then the question is, Should not the defendant have instructed plaintiff not to undertake to replace the box coverings while the machine was in motion, or might the defendant leave the plaintiff to learn how to do the work from experience and observation, inasmuch as the danger was obvious that the hand would be injured if caught in the rollers? This, our court has said, would depend upon the character of the work, the opportunity plaintiff had for understanding how to do it safely, and is a question for the jury. *Allen* v. *Jakel*, 115 Mich. 486; *Ertz* v. *Pierson*, 130 Mich. 160."

The machine upon which plaintiff was working was driven by a belt which came up through the floor and passed over pulleys on the right-hand side of the machine, which pulleys had a wooden cover over them when running. When putting this cover in place plaintiff placed his hand on the bed of the machine. His hand slipped, passed between the rollers hurting him quite severely. It is conceded plaintiff had been at work upon this machine for

three weeks. The circuit judge says he was a boy of more than usual intelligence. In addition to the description of the machine as disclosed by the pleadings and the testimony of the witnesses, we have photographs of it. The testimony and the pictures indicate very clearly that the machine was not a complicated one. The method of operating was simple, and its dangers were apparent to the observation of one employed as plaintiff had been. Instead of the case coming within those cited by counsel for appellant, we think the trial judge was right in holding that it was within *Berlin* v. *William B. Mershon & Co.*, 132 Mich. 183, and the many cases there cited.

Judgment is affirmed.

CARPENTER, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.