(44 South. 1005.)

No. 16,556.

BROWN v. J. A. ADAMS & SONS CO.,
Limited.

·(Nov. 18, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE.

There was an accident. Plaintiff charges that it was owing to defendants' negligence.

2. SAME—APPLIANCES.

The machine was in good order, new, and had all necessary appliances.

3. SAME—WARNING.

The young son of plaintiff was temporarily employed as a wheelbarrow boy at the time of the accident. His work required not the least skill. There was no negligence in matter of not warning the employé, for he was not subjected thereby to greater risk. He was performing his work as it had been always performed before and since.

4. SAME—PROTECTED MACHINES.

The machine was protected and screened as such machines usually are.

5. SAME—ACCIDENT—NEGLIGENCE.

The employé, after the master has done all that reasonably good management and the law require, cannot recover if it was an accident pure and simple.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 163.]

6. SAME.

The employé lost an eye from the blow of a sliver which was hurled from a direction not positively known. If from the fast revolving machine it was entirely out of the ordinary. He was standing at the proper place to do the work assigned' to him for the day. As there was no negligence proven, the cause alleged is not sustained.

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by Mrs. Mary A. Brown, against J. A. Adams & Sons Company, Limited. From a judgment for defendant, plaintiff appeals. Affirmed.

Clayton & Hawthorn, for appellant. Barksdale & Barksdale, for appellee.

BREAUX, C. J. This is a personal injury suit, in which plaintiff claims damages in the sum of $10,000 on account of the loss of an eye suffered by her young son.

He was 16 years of age, and was working for the defendant on the 19th day of January, 1905, when the accident happened.

He was one of the pupils of the Louisiana Industrial School.

Early in the morning of the day that the accident happened—a holiday—he, plaintiff's son, and several other boys of the school, went to defendants' factory, and asked for work for the day. Defendants' manager for some reason not explained, unless it was to enable the boys to earn pocket money, employed them on school holidays, and even postponed some of the work of the factory in order to afford opportunity to the boys to work and earn small amounts.

Of the number applying for work on the day in question preference was given to plaintiff's son, as he was, as the manager states, the smaller of the boys.

Plaintiff urges that her son was inexperienced; that he had only such odd jobs at home as his parents suggested; that he knew nothing about machinery; that the foreman was urgent in his request to him to work for defendant on the day of the accident; that no instruction was given to her son previous to putting him to work, and no warning was offered to keep him out of danger; that the boy was employed without her consent or knowledge; that he was struck on the eye by a sliver or splinter, thrown from defendants' stave machine with such force as to completely destroy it; that the eyeball was extracted from the eye by a dangerous and painful operation; that the employment was dangerous, and that the defendants were guilty of negligence in employing him and putting him to work as they did.

It appears, on the part of defendants, that they operate a stave machine and prepare and finish barrel staves for the market.

The stave jointer, part of the machinery, near which the boy was standing, was bought new from a manufacturer, and had been in use about one year and a half.

We are informed by the testimony that the jointer is practically a jack or smoothing plane with knives or blades, protruding a fraction of an inch through the face of its wheel, and that it fits around the rim to prevent shavings and splinters from passing through the slot in the face of the wheel, which curves around with the opening as it is with the face of a jack plane.

The blades or knives revolve on their axle at the rate of about 600 revolutions a minute.

It also appears that the machine had all usual appliances.

The boy was standing about four feet from it when he was struck in the eye. His work at the time was to roll staves in the wheelbarrow from the drykiln to the rack at the jointer under the mill, and to take from the wheelbarrow and place the staves on the stave rack.

He had been at work about four hours when the accident occurred.

The rack upon which he was cording the staves was about three feet from the jointer, and he was standing about one foot further.

The work of this jointer was to shape the edge of the staves. When the jointer is in operation, the edge of the stave is placed against the edge of the rapidly revolving wheel and the stave is cut to the desired shape.

The case was first tried by a jury which failed to agree. They stood six to six. Mistrial was entered.

Plaintiff withdrew her prayer for trial by jury. The case was then submitted to the district court without a jury.

The court dismissed plaintiff's suit and rejected her demand.

The following, briefly stated, are the grounds upon which plaintiff relies:

(1) The jointer is a dangerous machine.

(2) The employment was dangerous.

(3) There was no warning or instruction given by defendant to her son.

(4) He was employed without her consent.

(5) Lastly, defendant was negligent.

The defendant sets up the usual grounds of defense in such cases, denies liability, and alleges that the place was safe, machinery excellent and in good order, and all reasonable precautions taken.

We take up the first proposition for decision, to wit, the jointer is a dangerous machine.

Of this there cannot be any very great question, for all rapidly revolving machines moved by steam are dangerous, and those standing near them are not always absolutely safe.

This machine, it must be said, was not more dangerous than other similar machines or machines in the use of such factories as the defendant's. The machine was complete, comparatively new, and from the testimony we infer that there was no negligence in using it as it was used on the day of the accident. It was in good order and had all of the safeguards and protections required for safety in working such machines. The evidence is that only one other similar accident had happened before, and that was about 30 years ago, and that it was not probable that it would ever happen again is the testimony.

The defendant purchased the machine from a manufacturer who manufactures these machines. It ranks fairly well with other similar machines made by other manufacturers. It was operated as is usual in stave mills.

We have found nothing in the testimony which would justify us in holding the defendant liable on the ground we have just considered, which we leave, in order in the second place to take up the other proposition of plaintiff, that the employment was dangerous.

The one accident, made the cause of action in this suit, does not suggest that the employment was very dangerous, as it is the second in 30 years; but, if it were dangerous and if there was no fault on the part of the defendants, they would still not be liable. The owners of factories, although there are in them dangerous machines, are not for that reason alone to be held liable, if it appears that everything reasonable has been done to reduce the hazardousness of the work to a minimum. In other words, that everything has been done within the bounds of reason to prevent an accident.

This brings us to the ground of plaintiff's attack that there was no instruction given and no warning addressed to her son.

We think it answer enough to say that there was no warning or instruction needed. The work was of the most ordinary sort, and there was no danger to be avoided which instruction would have lessened.

The evidence does not show with certainty the direction from which the splinter came. If we assume, as is probable, that it was hurled from the machine, instruction or warning would have served no purpose. The endeavor to shield one's self from a remotely possible splinter would have done no good.

The boy in the performance of his work had to come to the stave rack with his wheelbarrow and staves therein to unload the staves on the rack. We are informed by the testimony that is the usual way of doing the work. There was no danger to be apprehended or danger known which the employer could possibly disclose to the employé. The master could have had no knowledge of the danger with the best care, attention, and diligence.

A minor cannot recover for an injury received arising from a cause not implicating negligence on the part of the master. Ash v. Verlenden Bros., 154 Pa. 247, 26 Atl. 374.

The employment of plaintiff's son without her consent is another of her grounds.

This is not sustained by the evidence. It is abundantly shown that plaintiff knew that her son intended to call on the defendant for work on the holiday before alluded to. Her knowledge upon the subject is sustained by abundant proof.

Lastly, plaintiff seeks to supplement each of her grounds of attack with the general averment that the defendant was negligent.

We have not found negligence.

It was said by counsel for plaintiff in oral argument at bar that the machine should have been screened.

That contention is not sustained by the testimony. The machine, we are led to infer, was as well protected as all similar machines generally are.

For reasons assigned, the judgment appealed from is affirmed.