## STAM v. OGDEN PACKING & PROVISION CO.

No. 3229. Decided Dec. 17, 1918. On Petition for Rehearing, Jan. 11, 1919. (177 Pac. 218.)

1. TRIAL—DIRECTION OF VERDICT—SUFFICIENCY OF EVIDENCE. If there is substantial evidence upon which to base a verdict, the court will not withdraw the case from the jury or direct what their verdict should be. (Page 253.)

2. MASTER AND SERVANT—ASSUMPTION OF RISK—DANGEROUS MACHINERY. A sixteen year old boy, whose hand was caught in a sausage casings cleaning machine, and who had worked at the machine for three months and was instructing other employees in its use, assumed the risk, in the absence of abnormal or unusual conditions at the time. (Page 254.)

3. MASTER AND SERVANT—INJURIES TO SERVANT—GUARDS AND SAFETY DEVICES. In an action for personal injuries by a minor whose hand was caught in a sausage casings cleaning machine operated by electricity, negligence cannot be predicated on failure to provide safety plates and foot devices for stopping the machine where it did not appear that such devices were practical or used by other employers. (Page 254.)

4. MASTER AND SERVANT—INJURIES TO MINORS—ASSUMPTION OF RISK. Minority alone does not relieve one from assumption of risk incident to the employment, the question being one of actual or presumed knowledge and appreciation of dangers. (Page 255.)

5. MASTER AND SERVANT—ORDERS—WARNING—QUESTION FOR JURY. Where a sixteen year old boy was injured by having his hand caught in a sausage casings cleaning machine immediately following an order from his foreman to work faster, defendant could not as a matter of law be held free from negligence in giving such order without accompanying it with a warning.[1] (Page 255.)

[1] *Tuckett* v. *Steam & Hand Laundry*, 30 Utah, 292, 84 Pac. 507, 4 L. R. A. (N. S.) 990, 116 Am. St. Rep. 832; *Fowler* v. *Cement Co.*, 39 Utah,

Appeal from Second District.

6. MASTER AND SERVANT—ASSUMPTION OF RISK—QUESTION FOR JURY. A sixteen year old boy, injured by having his hand drawn into a sausage casings cleaning machine, immediately following an order by his foreman to work faster not accompanied by any warning, did not assume the risk as matter of law. (Page 255.)

7. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. A sixteen year old boy, injured by having his hand drawn into a sausage casings cleaning machine immediately following an order by his foreman to work faster not accompanied by any warning, was not guilty of contributory negligence as matter of law. (Page 255.)

8. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT. It is only where it is clear in personal injury cases that there is no negligence, or that there is contributory negligence, or that the party complaining assumed the risk in question, that the appellate court can interfere with verdict as a matter of law. (Page 257.)

9. APPEAL AND ERROR — REVIEW — CURE OF ERROR. In a servant's action for injuries, error in giving oral instructions, where the statute required them to be in writing, was cured when such instructions were incorporated in the written instructions on the objecting party's request. (Page 258.)

10. MASTER AND SERVANT—WARNING AND INSTRUCTION. The employer must anticipate that a minor will exercise such care only as is usual among children of the same age, capacity, and experience, and must instruct and warn him so that he may appreciate the danger. (Page 259.)

11. TRIAL—INSTRUCTIONS—EMPHASIS ON EVIDENCE. An instruction as to plaintiff's knowledge and appreciation of the dangers of his employment *held* not erroneous as emphasizing evidence. (Page 260.)

12. APPEAL AND ERROR—ASSIGNMNT OF ERROR—SUFFICIENCY OF EVIDENCE. Court on appeal will not review evidence, where particulars as to wherein evidence is insufficient are not specified in the assignment of error.[2] (Page 261.)

On Petition for Rehearing.

13. MASTER AND SERVANT—NEGLIGENCE IN GIVING ORDER TO MINOR SERVANT. Where a minor was injured by having his hand drawn into a sausage casings cleaning machine immediately after being

373, 374, 117 Pac. 465; *Toone* v. *O'Neil Construction Co.*, 40 Utah, 282, 121 Pac. 10.

[2] *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168.

ordered by his foreman to work faster, whether the foreman was present at the moment of the accident was immaterial. (Page 262.)

14. MASTER AND SERVANT—INJURIES TO SERVANT—EVIDENCE—SUFFICIENCY. Where a sixteen year old boy was injured by having his hand drawn into a sausage casings cleaning machine following an order to work faster, evidence *held* to show that he was injured while carrying out such order and while trying to show his co-employees how to do so. (Page 262.)

Appeal from the District Court of Weber County, Second District; *Hon. A. W. Agee,* Judge.

Action by William Stam, an infant, by Evert Neuteboom, his guardian, against the Ogden Packing & Provision Company.

Judgment for plaintiff and denial of new trial. Defendant appeals.

AFFIRMED.

*Boyd, De Vine, Eccles & Woolley* for appellant.

*Joseph E. Evans* and *C. R. Hollingsworth* for respondent.

THURMAN, J.

Plaintiff, William Stam, an infant, by his guardian, Evert Neuteboom, brought this action for the recovery of damages resulting from injuries received while in the employ of defendant at its packing plant in Ogden City, Utah. The defendant was engaged in the business of slaughtering animals and packing, dressing, and manufacturing meats, sausages, etc., derived wholly or in part from sheep, hogs, beeves, or other animals. The plaintiff's particular employment was in connection with a certain machine operated for cleaning guts of animals to be used as casings in the manufacturing of sausages. These guts will hereafter be called "casings," and the machine so operated the "casings cleaning machine." The machine consisted of a large roller attached to a flat table so

situated that the top of the roller was on a level with the top of the table. This roller was about two feet in diameter. Above this were two rollers on the same level, each about five inches in diameter, containing knives so set in the rollers that when in rapid motion the knives would scrape and clean the casings. One of the small rollers revolved at a rate of about 1,500 revolutions a minute, the other small roller at about 3,000, and the large one below at about fifty. The machine was operated by an electric motor, and a switch for turning the current on and off was attached to the north wall of the room, a distance of fifteen or eighteen feet from the machine.

The plaintiff, at the time of the accident, was in the act of feeding the machine or placing the casings where they would be drawn between the rollers, when by some means his right hand was caught and drawn into the machine. His hand was cut and lacerated to such an extent as to require amputation, and later on a second amputation became necessary at a point about halfway between the wrist and elbow, by means of which plaintiff became and was permanently and seriously injured.

The specific acts of negligence alleged in the complaint and relied on were, in substance: (1) That the location of the electric switch above referred to was so far away from the machine as to render the person working thereat unable to conveniently shut off the current and stop the machine; (2) that in the exercise of ordinary care a safety plate should have been used so that the person working at said machine could not get his hand caught therein; (3) that defendant should have provided a safety device that could have been operated by plaintiff's foot so that the machine could have been quickly and instantly stopped; (4) that plaintiff was only sixteen years of age, was inexperienced in the operation of the machine, and was without knowledge as to the danger incident thereto, and in the exercise of ordinary care the defendant should have instructed the plaintiff and warned him concerning the danger, but failed to do so, and negligently ordered him to work faster at said machine, and on the day

of the accident demanded that plaintiff do more work on said machine than he had been doing theretofore.

The defendant, answering the complaint, admits the plaintiff was in its employ, and that he was injured as alleged, but denies that defendant was negligent in any of the particulars mentioned. Defendant affirmatively alleges that plaintiff was guilty of contributory negligence, and that he assumed the risk.

The case was tried to a jury and a verdict rendered for plaintiff. Judgment was duly entered, motion for a new trial overruled, and defendant appeals.

Appellant assigns as error the refusal of the court to direct a verdict for defendant at its request, the giving of certain instructions to the jury, the refusal to instruct as requested by defendant, the making of certain remarks by the court, and the order of the court overruling the motion for a new trial.

At the close of plaintiff's testimony, defendant rested, and moved for a directed verdict. Several grounds were specifically stated, but in substance and effect they may be embodied in two propositions, to-wit: (1) That the negligence of the defendant was not proven; and (2) that the plaintiff by virtue of his experience, knowledge, and understanding of conditions and appreciation of danger, assumed the risk of whatever injury he sustained.

The court overruled the motion and submitted the case to the jury.

It becomes necessary at this point to review the testimony for the purpose of determining whether or not there was any substantial evidence upon which to base a verdict.

There was substantial evidence tending to show that the plaintiff was only sixteen years of age at the time of the injury; that he was foreign born, but was of average intelligence for a boy of that age; that he had been in the employ of defendant for about three months at the time of the accident which resulted in the injuries complained of; that during all that time he had been engaged as a feeder of the machine heretofore described; that he understood the operation of the machine and the danger incident thereto when it was in motion; that he had taught other employees how to

operate it; that the machine was fed by putting the casings into the end of the machine instead of the side; that the plaintiff in feeding the machine would double the casings over his thumb to prevent their slipping from him; that the general description of the machine and premises was as heretofore stated; that it required two employees to operate the machine—one to feed it, or start the casings between the rollers, and the other to pull them through and take them away —that on the morning of the accident another employee whom the plaintiff had instructed was engaged in feeding the machine but was operating more slowly than it had been done before; that the foreman of the defendant in charge of this particular work, being present, ordered the plaintiff to work faster in order to clean all the casings so that none would have to be thrown away; that the plaintiff immediately commenced feeding the machine faster as directed, and a few minutes thereafter his right hand was, by some means; caught between the rollers and drawn into the machine. The exact manner of the accident is not as satisfactorily explained by the evidence as one would desire whose duty it is to accurately present the facts. The testimony, however, tended to show that when the plaintiff, at the time of the accident, started the casings into the end of the machine, the casings whipped around the knives instead of passing through. This in some manner seemed to contribute to the accident. What did happen in this regard was unusual, and, according to plaintiff's testimony, had never happened before in his experience. There was much testimony in addition to that above stated relating to the premises and various devices in use not necessary to mention in detail.

By the assignment of error under consideration we are asked to find that there was no substantial evidence of negligence to submit to the jury, and also to find that plaintiff, under all the circumstances, must be presumed to have assumed the risk of the accident which resulted in his injury.

It is familiar doctrine in this jurisdiction and perhaps in nearly every other where the jury system prevails, that, if there is any substantial evidence whatever upon which to base a verdict, the court will not with-

draw the case from the jury or direct what their verdict should be.

In this case it is clear to the court that the plaintiff's knowledge and understanding of the machine in question, the manner of operating it, and appreciation of the dangers incident thereto, were such that, if there had been no abnormal or unusual condition intervening at the time of the accident, he would, as matter of law, be held to have assumed the risk, and in such case many of the authorities cited by appellant would be in point, notably the following which we have carefully examined: *E. S. Higgins Carpet Co.* v. *O'Keefe*, 79 Fed. 900, 25 C. C. A. 220; *Hickey* v. *Taaffe*, 105 N. Y. 26, 12 N. E. 286; *Ash* v. *Verlenden et al.*, 154 Pa. 246, 26 Atl. 374; *Brown* v. *Adams & Sons Co., Ltd.*, 120 La. 119, 44 South. 1005; *Berlin* v. *Mershon & Co.*, 132 Mich. 183, 93 N. W. 248; *Loftus* v. *Dehail*, 133 Cal. 214, 65 Pac. 379; *Bohn Mfg. Co.* v. *Erickson*, 55 Fed. 943, 5 C. C. A. 341; *Fones* v. *Phillips*, 39 Ark. 17, 43 Am. Rep. 264; *Hess* v. *Escanaba Woodenware Co.*, 146 Mich. 566, 109 N. W. 1058; *Corning Steel Co.* v. *Pohlplatz*, 29 Ind. App. 250, 64 N. E. 476; *Wiggins* v. *E. Z. Waist Co.*, 83 Vt. 365, 76 Atl. 36, 25 L. R. A. (N. S.) 1220, 21 Ann. Cas. 1092; *Lowcock* v. *Franklin Paper Co.*, 169 Mass. 313, 47 N. E. 1000; *Carl Beghold* v. *Auto Body Co.*, 149 Mich. 14, 112 N. W. 691, 14 L. R. A. (N. S.) 609; *East & West R. Co.* v. *Sims*, 80 Ga. 807, 6 S. E. 595; *Buckley* v. *Gutta-Percha & Rubber Mfg. Co.*, 113 N. Y. 540, 21 N. E. 717. Numerous other cases are cited by appellant to the same effect, but those enumerated above are sufficient for our purpose.

It was made quite clear, by testimony which we have not referred to in detail, that the charges of negligence as to the location of the switch, the failure to provide a foot device for stopping the machine, and the failure to provide a safety plate to prevent the hand being drawn into the machine, were not sustained by the evidence. It was not shown that such devices as were suggested by plaintiff, in his complaint, for the protection of one operating the machine, were either practical or were used by other em-

ployers engaged in the same kind of business. Therefore as to these charges the evidence was wholly insufficient.

Furthermore, as suggested by some of the authorities cited, and perhaps by all the authorities that have considered the question, a person is not relieved from the responsibilities of assuming the risks incident to his occupation merely because he or she is a minor or child of tender years. The question in such case is: Did the minor or child have actual or presumed knowledge of the conditions and appreciate the dangers incident thereto? If so, the same responsibilities exist as in the case of an adult.

But another element enters into the case at bar, and one that must be considered and determined in order to do justice to the parties before the court. As shown by the evidence, just before the accident happened, something out of the ordinary occurred. The plaintiff was suddenly ordered by his foreman to work faster in order to dispose of the uncleaned casings. Plaintiff immediately, in obedience to the order, commenced to feed the machine faster, and his hand was thereupon caught between the rollers and drawn into the machine. It will be observed this sudden order was not accompanied by a warning to be careful. This, it seems to the court, is the turning point on this particular question. Here is where the fact that the plaintiff was a minor, of judgment more or less immature, enters as an important factor into the question under consideration. The rashness and imprudence of youth, however bright and intelligent, is proverbial. An adult person of average intelligence operating under a specific order, whatever might be the emergency, would be far more likely while complying with the order to remember the duty he owed to himself of exercising due care for his own safety. A minor of sixteen years of age would, ordinarily, be more easily perturbed and disconcerted. This, together with the thoughtlessness incident to childhood, must be taken into consideration. Under these circumstances, can the court, as matter of law, say that the defendant was not negligent in giving the order without accompanying it with some kind of warning?

Can the court, under these circumstances, hold that the plaintiff either assumed the risk or was guilty of contributory negligence? We think not.

In Labatt, Master & Servant (2d Ed.) section 1363 (section 439, 1st Ed.), the effect of a specific order by a master to a servant during the course of his work is discussed at considerable length and illustrates the view we take of this question. The section is somewhat lengthy and we merely call attention to it without setting it out in this opinion.

In the next succeeding section, at page 3939, the author says:

"The juridical theory is that the order, having a natural tendency to throw the servant off his guard, may properly be considered to excuse him from the exercise of the same degree of care as would have been incumbent on him if the case had not involved this factor."

Again, at page 3942, same section, the author says:

"Another circumstance which is frequently emphasized is the fact that when a servant is suddenly called upon to execute a piece of work in a particular manner, under the eye of his employer, or employer's representative, a careful observation of the conditions is generally quite impracticable if the direction is to be carried out with that promptitude which is expected from the subordinate."

In *Tuckett* v. *Steam & Hand Laundry*, 30 Utah, at page 292, 84 Pac. at page 507 (4 L. R. A. [N. S.] 990, 116 Am. St. Rep. 832), this court, in discussing the effect of such an order given to a servant while engaged at his work, says:

"The effect of such a direct and positive order from a master to a servant to perform an act in the course of his employment, which is dangerous, or to perform such an act in a dangerous manner, is twofold. It may constitute an additional act of negligence on the part of the master. If the order of the master constitutes an act of negligence, and if the servant obeys it, and by reason of such obedience is injured, he can count upon such an act of negligence when he brings an action to recover for his injury. In order, however, to recover, he must show that the obeying of the order was the proximate cause of the injury."

The same doctrine is recognized and applied in *Fowler* v. *Cement Co.*, 39 Utah, at pages 373, 374, 117 Pac. at page 465,

where the court, speaking through Mr. Chief Justice McCarty, says:

"The general rule is that where, as in this case, a servant is injured while performing some act in obedience to the orders of his master, he is not chargeable with contributory negligence, unless the act commanded involves danger so obvious and imminent that no reasonably prudent person in his situation and with his knowledge of the danger would undertake it."

The learned justice in the same connection cites as authority for the proposition 26 Cyc. 1221, which reads as follows:

"A servant acting under the commands or threats of his master does not assume the risk incident to the act commanded unless the danger incurred is fully appreciated and is such that no person of ordinary prudence would consent to encounter it; and the mere fact that the servant knows there is some danger will not defeat his right to recover if in obeying he has acted with ordinary care under the circumstances."

The excerpt we have taken from the opinion in the Fowler Case is quoted with approval by Mr. Chief Justice Frick, speaking for the court in *Toone* v. *O'Neil Construction Co.*, 40 Utah, at page 282, 121 Pac. 10, a case involving the same question.

We do not understand that the doctrine of those cases is controverted by appellant, and therefore deem it unnecessary to refer to other authorities.

In this case we do not assert that the order to the plaintiff to work faster, standing alone, constituted negligence; but we do maintain that considering the age of the plaintiff, the character of the work, and all the attendant circumstances, the giving of the order, unaccompanied by some kind of warning to the plaintiff to be careful, made it essentially a case for the jury. It is only in cases where it is clear that there is no negligence, or that there is contributory negligence, or that the party complaining assumed the risk in question, that we can interfere with a finding or verdict as a matter of law. This doctrine has been so frequently, and in so many cases, enunciated by this court, that it is not necessary to make specific reference to cases. Besides this, it is a proposition that is well-nigh universal.

It is our opinion that the trial court did not err in refusing to direct a verdict for the defendant.

Appellant complains of certain remarks made by the trial court when instructing the jury.

The court, after stating the substance of the complaint generally, to and including the first three specific charges of negligence, then remarked orally, ''I call your attention particularly to this gentlemen,'' and then proceeded to state the substance of the fourth ground of negligence relied on in the complaint, which relates to the minority of the plaintiff, failure to instruct or warn him, and the order requiring him to work faster.

The transcript shows that, when the court concluded his instructions to the jury, appellant's counsel called the court's attention to the fact that the remarks above referred to were not in the written instructions and requested that the same be inserted therein so that the defendant might have an opportunity for something, which is not made clear. The remarks were inserted as requested and became a part of the written instructions.

The statute requires that instructions be in writing. The remarks referred to were made orally at first which, technically, was improper; but, as stated, they were inserted in the written instructions at defendant's request in order, presumably, to afford it an opportunity to avail itself of an objection to the impropriety.

It is difficult to see just what point appellant attempts to make under this assignment. The objection that the remarks were oral when first made was finally cured by appellant's request that they be incorporated in the written instructions.

It is due to the court to state that its reason for making the remarks at all was the fact that it intended to withdraw from the jury's consideration all the charges of negligence made in the complaint except the ones following the remarks objected to. The court did thereafter during his instructions to the jury withdraw from their consideration every charge of negligence except the ones to which it called particular attention.

This assignment is without merit.

Exception was taken by appellant to instruction No. 8, and the whole thereof. The instruction reads as follows:

"I further charge you, gentlemen of the jury, that one who employs a minor to work with dangerous machinery or in dangerous places is bound to anticipate that such minor will exercise only such judgment, discretion, and care as is usual among children of the same age, capacity, and experience under similar circumstances, and is bound to use ordinary care, having regard to the age, capacity, and experience of such minor to protect such minor from dangers incident to the situation in which he is placed; and as a reasonable precaution in the exercise of such care in that behalf, it is the duty of the employer to so instruct such employee concerning the dangers, both latent and obvious, connected with his employment, which dangers, because of the youth or inexperience of such employee, he may not comprehend or appreciate, so that such employee by the exercise of such care as ought to reasonably be expected of one of his age, capacity, and experience, may guard against and avoid injuries arising therefrom. The instruction or warning which such employer is bound to give to such employee must be such as to enable a person of his age, capacity, and experience in the business to intelligently appreciate the nature of the dangers attending the performance of his duties; and, if such employer fails or neglects to discharge any of these duties of instructing and warning such employee, and by reason of such neglect or failure the employee does not understand and appreciate such dangers, and is injured by reason thereof while in the exercise of ordinary care on his part, then such employee cannot be held to have assumed the risk, and the employer would be liable."

Appellant's counsel have not called our attention to any error in this instruction, and we confess our inability to discover the ground of their objection.

Objection is also made to instruction No. 9, especially the part italicized in the following quotation. The whole instruction reads as follows:

"I further charge you, gentlemen of the jury, that the plaintiff, by entering and continuing in the employ of the de-

fendant, assumed all risks, hazards, and dangers ordinarily incident to the particular service for which he was engaged and which were known, understood, and appreciated by him or which were so open and obvious that they should have been known, understood, and appreciated by him.

*"In determining whether or not the plaintiff knew, understood, and appreciated, or should have known, understood, and appreciated, the risks, hazards, and dangers, if any, to which he was exposed while in the performance of his duties, you should take into consideration all the evidence bearing in any manner on that question, including any evidence as to his knowledge concerning the machine in question and the danger of operating the same, and also all evidence concerning his age, capacity, and experience, the kind of machinery with which the work was performed, the manner of the performance of such work, and what, if any, instruction or warning he had received concerning such matters, and also any directions, if any, were given, as to the speed at which the work was to be performed by him."*

Appellant's counsel characterizes this instruction as especially vicious. In taking their exception, however, they did not specify any particular word, phrase, or sentence as objectionable, but at the time intimated that the ground of objection was that it singled out a certain class of evidence as against all the evidence submitted to the jury upon the point which it attempted to cover.

While it is fundamentally improper for a court in charging a jury to single out certain evidence to the exclusion of other evidence, and thereby emphasize and perhaps give undue effect to the part so singled out, yet we do not believe the instruction under review is subject to that objection. It rather seems to specify and particularize about every class and kind of evidence bearing upon the question whether for or against the appellant. In the absence of objection to some special feature of the instruction, we are unable to appreciate the point of the objection.

Other instructions were objected to and exceptions noted; but, as the grounds of the exceptions appear to be wholly without merit, we deem it unnecessary to consider them in detail.

Counsel for appellant offered twenty requests for instructions to the jury, each and every one of which were refused by the court. The refusals are assigned as errors, and are relied upon for a reversal of the judgment. We have read them with care, and in connection therewith have also read in their entirety the instructions given by the court. Such of the requests as state the law correctly are covered by the instructions given.

Finally, appellant assigns as error the refusal of the court to grant its motion for a new trial. No particulars are specified in which the court erred in denying the motion. The motion itself covers and includes, substantially, all 12 the statutory grounds for a new trial. Such as relate to errors of law arising at the trial we have already disposed of in what has been said. The assignment is not in proper form to authorize a consideration of the evidence as to its sufficiency to sustain the verdict. *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168. But, inasmuch as defendant submitted the case without introducing evidence in its defense, it is not prejudiced by reason of its failure to specify particulars in which the evidence is insufficient, as we have already considered and reviewed the evidence in disposing of the motion for a directed verdict.

We find no error in the record.

Before concluding, we call attention to a motion made by respondent to dismiss the appeal.

In view of the conclusion at which we have arrived concerning the merits of the case, and in view of the fact that the point raised is not jurisdictional, we deem it unnecessary to determine the question involved. It would serve no useful purpose in the present case. The question presented is an important one, but there is no emergency calling for its immediate determination. We will therefore defer our judgment until there is a more opportune occasion.

For the reasons stated, the judgment of the trial court is affirmed at appellant's costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.

On Petition for Rehearing.

THURMAN, J.

Appellant moves for a rehearing on two grounds: (1) That the foreman was not present when the accident happened; and (2) that the plaintiff was not in his proper place.

1. In view of the disjointed and chopped-up nature of the testimony given by the plaintiff, who was a foreigner and unable to clearly express his mind in English, it is possible the writer may have misconceived his testimony and drawn a wrong conclusion. Nevertheless, the essential fact is that the foreman gave the order directly to the plaintiff to hurry up the work—to work faster—and while carrying out the order plaintiff's hand was drawn in the machine. Whether the foreman was present in the room at the moment the accident happened, in our judgment, is not of controlling importance.

2. As to whether or not the plaintiff was in his proper place when the accident happened, it seems to us the admission of appellant itself is conclusive. Appellant admits that plaintiff was an instructor of new employees in that line of work. A part of his duty was to show them how to do the work. Let us consider this admission in connection with an excerpt taken from plaintiff's cross-examination. Before quoting, let it be understood that counsel for appellant was trying to obtain from the plaintiff an explanation as to how the accident happened. Clark, another employee, had been feeding the machine too slowly. Plaintiff was working at the other end of the machine taking the casings, away. The testimony reads:

"Q. At any rate, you ran around to the place where Mr. Clark was and picked up the casing and put it in the machine, didn't you? A. No, sir; Pete Tesch (meaning the foreman) you know, told me—the boy was there the one day and he told me to work—to work a little faster, and I understood to put in casings; just the time I put in there and turn around this wheel and took off my hand.

"Q. Yes, I know; but when the machine was started you went around to where Mr. Clark was and put the first casing in the machine that morning, didn't you? A. Not the first one; he put the first one in there.

"Q. He put the first one in there? A. Yes, sir; and I told him to do little faster. Pete told me to work faster. I says, 'Wait a minute, I show you,' and I put in there, and just when I went in there he jerk."

This testimony not only shows that plaintiff was injured while trying to carry out the order of the foreman and while trying to show his coemployee how to do the work in carrying out the order, but it also demonstrates what we said before concerning the disjointed, chopped-up nature of the testimony. Furthermore, plaintiff understood, and had a right to understand, that the foreman meant that he (plaintiff) should "put in the casings," or feed the machine.

We admit the case is a close one, as suggested by the trial court; but, nevertheless, it was our duty to decide it, and under all the circumstances, there being no warning to the plaintiff, we consider it a case for the jury. There was substantial evidence to support their verdict.

The application for a rehearing is denied.

CORFMAN, C. J., and FRICK and GIDEON, JJ., concur.

McCARTY, J., died before the filing of petition for rehearing herein.