# STATE v. LEWELLYN.

No. 4602. Decided March 19, 1928. (266 P. 261.)

*E. A. Rogers,* Dist. Atty., *A. A. Duncan,* Asst. Dist. Atty., and *A. H. Hougaard,* all of Salt Lake City for the State.

*J. J. Whitaker,* of Salt Lake City, for respondent.

CHERRY, J.

The defendant was charged with and put on trial for the crime of adultery committed February 17, 1927, with Mrs. S., a married woman. At the conclusion of the evidence the court, upon defendant's motion, directed a verdict of not guilty, which was returned and the defendant discharged. The state appeals and seeks a disapproval and reversal of the judgment upon the ground that the state produced substantial evidence of defendant's guilt and that

the court erred in not submitting the case to the jury upon the evidence.

All of the evidence heard was produced by the state. The defendant offered none. The facts proved were in substance as follows: Mr. and Mrs. S., were husband and wife living together at Salt Lake City. They had been married for six years and had one child, a little boy about five years old. At the time in question they were residing in a five-room dwelling house in the residential district. They had attended dances where they met the defendant, ■ and the husband noticed attentions which the defendant paid his wife. He and his wife had prior trouble over another man whom the husband claimed had paid too much attention to his wife at dances. This had been reconciled. The conduct of his wife and the defendant aroused his suspicion, and he employed a detective to watch them. The husband during the daytime was at work down town and absent from his home from morning until evening. He had an automobile which was used and driven by his wife. He commenced to "keep a check" on his automobile and discovered that it was being run from 24 to 40 miles per day. The detective testified that he saw the defendant and Mrs. S. on the street in the city. They got into the automobile together and drove away. On the afternoon of the next day he saw the defendant coming out of the S. house, with Mrs. S., her child and another man, all of whom got in the automobile and drove away. The next day after that, in the afternoon, he again saw the defendant go into the S. house and remain there for about an hour and a half. During this time the blinds on the side windows were drawn and the little boy was playing outside. The defendant and Mrs. S. then came out of the house and with the little boy entered the car and drove away. The detective followed them to the southern part of the city, where the car stopped and Mrs. S. got out of the car and entered a house. The defendant and the little boy waited in the car. In a short time Mrs. S. returned to the car and they drove through the city and to

Ft. Douglas, several miles east, where the defendant left the car. Mrs. S. then drove down town, parked the car and went to her husband's office. Four days later, February 17, 1927, at about 1 o'clock p. m., the detective again saw the defendant go into the S. house. He immediately telephoned S. In about 50 minutes thereafter S. with a police officer, in the latter's car, arrived at the house. The front door was locked and the front blinds drawn. S. unlocked the front door. He and the officer entered the house and found the defendant with his coat and vest off in the hallway between the kitchen and bathroom. * * * There S. and the defendant grappled until separated by the officer. S. said the defendant was trying to hold him back. S. testified that he heard the click of the lock on the inside of the bathroom door. His wife was in the bathroom. He asked her to open the door, and she refused. He was about to break through the door when she opened it. She was clad only in silk pajamas. A vaginal douche was attached to the faucet in the bathtub. Mrs. S. dressed herself and put the pajamas in a drawer in the bedroom. The officer thereupon arrested the defendant. He did not arrest Mrs. S. As the officer was about to drive away with the defendant, Mrs. S. voluntarily said if the defendant was going to jail she would go too. The officer told her to sit in the back seat of the car, but she said she wanted to sit in the front seat with the defendant. She got in the front seat with him and "leaned over and kissed him." The three then drove away to the police station. Thereafter S. and the detective took the pajamas from the drawer where Mrs. S. had placed them, and found fresh and significant stains upon certain parts of them. The next day an examination of the stains by the state chemist disclosed the presence of spermatozoa, the seminal fluid of a male person. Until this occasion Mr. and Mrs. S. had lived and cohabited together as husband and wife, but S. testified that his wife had not worn the pajamas referred to while cohabiting with him at any time during the preceding two years.

The crime of adultery is sufficiently established by proof of circumstances from which the jury may reasonably infer the guilt of the defendant. 2 C. J. 22; *State* v. *Odekirk*, 56 Utah 272, 190 P. 777. We think it plain that the evidence in the present case was sufficient, if believed by the jury, to warrant an inference of defendant's guilt, and to support a verdict of guilty.

In such case may the trial court properly direct an acquittal?

In 16 C. J. 935, the conclusions of various courts are condensed in the statement:

"As a general rule the court should direct a verdict of acquittal * * * where there is no competent evidence reasonably tending to sustain the charge; or where the evidence is undisputed and so weak that a conviction would be attributable to passion or prejudice, or where it is so slight and indeterminate that a verdict of guilty would be set aside, as where the evidence consists solely of the uncorroborated testimony of an accomplice, or is insufficient to overcome the presumption of innocence, or to show defendant's guilt beyond a reasonable doubt. But the case should be submitted to the jury and the court should not direct a verdict of acquittal, if there is any evidence to support or reasonably tending to support the charge, as where it is sufficient to overcome prima facie the presumption of innocence, or where the evidence of a material nature is conflicting."

From *Pace* v. *Commonwealth*, 170 Ky. 560, 186 S. W. 142, we quote the syllabus on this point as follows:

"It is only in the absence of any evidence tending to establish the guilt of the accused that the trial court will be authorized to grant a peremptory instruction directing his acquittal."

The same principle is decided in *State* v. *Gross*, 91 Ohio St. 161, 110 N. E. 466.

An able discussion and determination of the bounds of judicial authority in considering a motion for a directed verdict is contained in *Isbell* v. *U. S.*, 142 C. C. A. 312, 227 F. 788, in which it is made clear that the court in

such case does not consider the weight of evidence or credibility of witnesses but determines the naked legal proposition of law whether there is any substantial evidence of the guilt of the accused. This is undoubtedly the correct rule. See annotation "Directing Acquittal," 17 A. L. R. 910. The function of a court in dealing with an application for a directed verdict must not be confused with that in considering a motion for a new trial upon the grounds of insufficiency of the evidence. The court has a discretion in the latter case which he does not properly have in the former. The reason for the distinction is that the order sought in one case acquits the accused and finally ends the prosecution, while in the other, the order, if granted, does not discharge the accused but merely gives him the advantage and benefit of another trial. The rule is controlled by the same principles in criminal cases as in civil procedure. And in a civil case, *Stam* v. *Ogden P & P. Co.*, 53 Utah 248, 177 P. 218, this court said:

> "It is familiar doctrine in this jurisdiction and perhaps in nearly every other where the jury system prevails, that, if there is any substantial evidence whatever upon which to base a verdict, the court will not withdraw the case from the jury or direct what their verdict should be."

There is no necessary contradiction in denying defendant's motion for a directed verdict and afterwards setting aside a verdict against him upon the grounds of insufficiency of evidence to sustain it. This is laid down in *Denny* v. *Williams*, 5 Allen (Mass.) 1, where the court said that if the evidence is such that the court would set aside any number of verdicts rendered upon it, the verdict should be directed for defendant, but if the evidence is such that though one or two verdicts rendered upon it would be set aside on motion yet a second or third verdict would be suffered to stand, the cause should not be taken from the jury but should be submitted to them under instructions.

Our conclusion is that upon a motion for a directed ver-

dict of acquittal the province of the court is to consider and determine as a matter of law whether or not there is substantial evidence of the guilt of accused sufficient in law to support a conviction, and, if there is, to deny the motion and submit the case to the jury. If the court is dissatisfied with the weight and credibility of the evidence, he may afterwards, upon that ground, set aside the verdict and grant a new trial, but such is no grounds for directing an acquittal.

The order and judgment appealed from are disapproved and reversed.

THURMAN, C. J., and HANSEN and GIDEON, JJ., concur.

STRAUP, J.

I dissent. In addition to the statement of facts, it may also be stated that about a month after the arrest of the defendant the husband was granted a decree of divorce; but on what grounds the decree was granted, or whether by default or otherwise, or when the divorce action was commenced, or whether it was pending during the time the detective was watching the movements of the wife and of the defendant, the record does not disclose. The husband, however, testified that he wanted the possession of the child and employed a detective "to get the evidence."

It may readily be assumed that had the court denied the motion and submitted the case to the jury and had a verdict of guilt been rendered, we, on appeal, would be justified in holding that the evidence, though circumstantial or indirect in character, would be sufficient to support the verdict. But we are asked to overthrow a ruling withholding the case from the jury. That presents a somewhat different proposition. The state, in effect, puts the proposition that if in a case there be not sufficient evidence to support a verdict of guilt it, on motion to withhold the case from the

jury, is assignable error to submit the case, the converse of the proposition must also be true that if there be sufficient evidence to support a verdict of guilt, it likewise is assignable error to withhold the case. The conclusion on the reverse relation does not necessarily follow, unless the trial court has no broader power or wider discretion than the appellate court to consider and regard testimony. If there is no evidence to justify or support a verdict of guilt the legal duty to withhold the case is plain. There is no discretion to do otherwise. On the other hand, a ruling withholding a case to some extent and in a greater or lesser degree involves the exercise of a discretion unless the evidence is of such character as clearly to preponderate in favor of guilt.

It is the rule generally, it is the rule here, we have said so many times, that in a law case the trial court has greater power and a wider discretion than we have in considering evidence and that the trial court may consider and weigh evidence as well as the probative effect of it. On appeal our power in such respect is limited and restricted. On a challenge of a sufficiency of evidence to support a verdict of guilt, we but look at the legal effect of evidence and consider and review it for the purpose of ascertaining whether there is sufficient competent evidence to support or justify the verdict, and do not deal with conflicts in the evidence nor with the weight of it nor with the credibility of witnesses, except for manifest imperfections and improbabilities. The powers and duties of the trial court are different and much broader. Because thereof, though there may be sufficient evidence considered on appeal to support or justify a verdict of guilt, nevertheless the trial court, in the exercise of a sound discretion and of an enlightened judgment, may withhold the case from the jury without imputing error to the ruling. To say that the trial court may not do so is to say that it has no greater power or wider discretion to deal with and consider evidence than we have. And to say that the trial court has such power only on a motion

for a new trial is to curtail the substance and efficacy of the power and but to postpone the exercise of it. The question of whether error was committed of which the state may complain of a ruling withholding a case from a jury is largely dependent upon the nature and character of the evidence. If it clearly preponderates in favor of guilt, or if the guilt of the accused is manifest, it may well be said that to withhold the case from the jury would be an abuse of discretion, may in some instance even be a gross abuse. Let it be assumed that in case of such abuse we may interfere with and disapprove the ruling. Here, on the evidence, the guilt of the accused rests entirely on circumstantial evidence. True, a case of circumstantial evidence, depending upon the nature and character of the proven facts, may show guilt as clearly and satisfactorily as in a case of positive and direct evidence. But ordinarily in a case resting wholly on circumstantial evidence a greater latitude exists for the exercise of a discretion of the trial court than in a case of direct or positive testimony. No hard and fast rule can be laid down as to that. Each case must depend upon its own facts and upon the kind and degree of evidence by which they are sought to be established. Whether the evidence be circumstantial or direct, yet, unless an abuse of discretion of the trial court is shown in withholding a case from a jury, we ought not to interfere with the ruling. No abuse of discretion of the trial court is claimed by the state. What is urged is merely that the evidence was sufficient to let the case to the jury and therefore the court erred in withholding it. The exercise of a discretion of a trial court in withholding a case from a jury is somewhat analogous to the exercise of a discretion in setting aside a verdict of guilt. Let it be conceded that the power of the trial court is greater in setting aside a verdict of guilt, for in such case the court may, even under a gross abuse of discretion and against the manifest and undisputed evidence of guilt, set aside a verdict and grant a new trial and the state may not be heard to complain. However, if the trial court, seeing

and hearing the witnesses and considering the probative effect of the testimony, in the exercise of a sound discretion and of an enlightened judgment, is not satisfied to let a verdict of guilt stand on the evidence adduced and feels compelled to set it aside if such a verdict should be rendered, I think the court may withhold the case from the jury without imputing error to the ruling. , I think some judgment and discretion should be left to the trial court in such respect. I think that a wholesome and generally accepted rule. It rarely is abused and no claim of abuse is here made. The claim is that if there be sufficient evidence to warrant a verdict of guilt the trial court has no discretion whatever to withhold the case, though if a verdict of guilt is rendered the court may sua sponte set it aside and be justified in so doing. I cannot yield to such a doctrine. I think the cited cases in the prevailing opinion do not support it. All the cited cases, except *State* v. *Gross*, where the matter is not discussed, are cases where, on conviction and on the defendant's appeal, it was urged that the trial court erred in refusing the defendant's motion to direct a verdict and where it was held that no error was committed, if there was sufficient competent evidence to support the verdict of conviction. Judicial opinions in support of that are numerous. I readily agree to that. That is what is taught by *Isbell* v. *U. S.* and by the annotations in 17 A. L. R. 910, specially referred to in the prevailing opinion. Here let it again be conceded that had the defendant's motion been overruled and a verdict of guilt rendered, he, on appeal, could not successfully predicate reversible error on the ruling. In such case we would be, as the court in the Isbell case said it was, restricted to a mere determination of whether there was substantial evidence to justify the verdict. Satisfied of that, we would say no reversible error was committed. But the conclusion does not necessarily follow that assignable error would have been committed in withholding the case. The conclusion in the one instance is in harmony with the exercise of a discretion of the court below, while in the other it

is in discord with or in disregard of the exercise of a discretion or in denial of the right to exercise any discretion and of the right and power of the trial court to view and weigh testimony and consider its probative effect in any broader or different sense or to any greater extent than we may do, which necessarily is destructive of the heretofore fundamental and recognized distinction between the right and power of an appellate court and a trial court to consider and weigh testimony and judge its probative effect and value. The distinction seems to me plain and that there ought not to be any difficulty in its application.

And then what good is to be accomplished by this appeal? No matter what ruling is made by us on the question presented for review the judgment of the court below nevertheless must be affirmed. Nor may the accused again be put on trial for the charged offense. That is conceded by the state. The verdict rendered as directed is just as effectual as would be a verdict of not guilty rendered on a submission of a case. There is no principle of law involved or presented in the case to be settled. No claim is made that the direction of the verdict was caused by some misconstruction of a statute or a misapplication or misconception of some principle of law. That the crime of adultery is of such nature that in a majority of prosecutions therefor it can be established only by circumstantial evidence and that the general rule is that the crime may be sufficiently established by proof of circumstances from which a jury may reasonably infer guilt of the accused is well settled in this as in other jurisdictions. We have said it several times. *State* v. *Odekirk*, 56 Utah 272, 190 P. 777. An appeal is not necessary to have us say it again. The claim made by the state is that the appeal is prosecuted to establish whether or not the particular facts and circumstances here in evidence are sufficient to warrant a conviction of guilt. The alleged error relates entirely to matters of fact. It is rare where two cases on their facts are so identical or similar that a ruling on the question of sufficiency of evidence in

the one may be regarded as a precedent for the other. In such particular each case must depend upon its own facts and upon the quantum and character of the evidence by which they are sought to be established. Though the district attorney prosecuting this appeal, as well as other district attorneys of the state, may in the future have occasion to prosecute other cases of adultery or of carnal knowledge, yet may not again have a case where the facts and circumstances are similar to those in this case.

I therefore am of the opinion that the judgment should be affirmed, as confessedly it must be in all events.